UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLIVE EDWIGE ANDERSON,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondents. | Case No. 2:26-cv-02681<br><br>EX PARTE TEMPORARY RESTRAINING ORDER |

## I. ORDER

This matter comes before the Court on Petitioner Olive Edwidge Anderson's emergency motion for temporary restraining order (Dkt. 2). Petitioner, a citizen of Benin, alleges that she was granted withholding of removal from Benin, but has recently been detained and informed she will be removed to Ghana in the early morning hours of July 30th, 2026. The motion for temporary restraining order is GRANTED.

The Court finds that Petitioner has established a likelihood of success on the merits of her due process claims and finds that the emergency motion and accompanying declaration set forth sufficient facts to show a likelihood of imminent, irreparable harm if Petitioner is removed to Ghana and separated from her U.S.-citizen spouse and child. Under binding Ninth Circuit case law, due process requires the government to provide noncitizens with sufficient notice before

deportation to a country not listed in their removal order so that they may seek withholding of removal "to the country to which they will be deported." *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999)).

Therefore, to preserve the status quo and prevent immediate harm before the parties can be heard on this motion, the Court ORDERS that Respondents (and their officers, employees, agents, or others working on their behalf) are temporarily PROHIBITED from transferring Petitioner from this district or removing her from the United States pending further order of this Court. *See A.A.R.P. v. Trump,* 145 S. Ct. 1364, 1369 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."); *see also Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (ex parte TROs serve a limited purpose of "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

This ex parte Order will remain in place until August 13, 2026. *See* Fed. R. Civ. P. 65(b)(2). Petitioner must file a preliminary injunction motion if she wishes to extend the TRO for the duration of the habeas litigation. The parties are directed to (1) meet and confer on a briefing schedule for a preliminary injunction motion, including whether the TRO may be extended while the motion is briefed, and (2) once this case is assigned a judge, contact that judge's chambers to confirm how they wish to proceed.

The Court finds that no security is required under Federal Rule of Civil Procedure 65(c).

Because counsel for Respondents have not yet appeared in this case, Petitioner's counsel is further directed to contact the U.S. Attorney's office for the Western District of Washington as soon as possible to ensure they receive a copy of this Order.

Dated this 30th day of July, 2026.

Tiffany M. Cartwright
United States District Judge