UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OLIVE EDWIGE ANDERSON,

Petitioner,

v.

BRUCE SCOTT ET AL.,

Respondents.

Case No. C26-2681-GJL

ORDER GRANTING TRO AND SETTING DEADLINES

## I. BACKGROUND

Petitioner Olive Edwige Anderson is a native and citizen of Benin. Dkt. 1 at 2. She entered the U.S. in 2005, over twenty years ago, and eventually applied for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* Petitioner is married to a U.S. citizen, who is a disabled veteran, and together they have a four-year-old child. *Id.* at 3. Petitioner is the primary caregiver for her husband and child. *Id.* Petitioner has owned and operated an African hair braiding business for approximately ten years. *Id.*

On April 10, 2012, an Immigration Judge ("IJ") ordered Petitioner removed to Benin, but granted Petitioner withholding of removal to Benin. Dkt. 10 at ¶ 11. The IJ denied Petitioner's applications for asylum and protection under the Convention Against Torture. *Id.* In

July 2026, Respondents began to pursue Petitioner's removal to a third country, Ghana, allegedly without any notice to Petitioner. *Id.* at ¶ 12; Dkt. 1 at 3. On July 23, 2026, Petitioner was detained by immigration agents. Dkt. 10 at ¶ 13. Respondents allege that Ghana agreed to accept Petitioner, and that Petitioner had been placed on the manifest for a charter flight to Ghana scheduled for July 30, 2026. Dkt. 9 at 3; Dkt. 10 at ¶ 14. Petitioner claims she was "not afforded any meaningful opportunity to challenge her detention or removal, was not provided notice of the legal basis for Respondents' actions, did not sign any paperwork authorizing her removal, and was given no opportunity to assert fear of removal or otherwise seek protection before Respondents scheduled her deportation." Dkt. 1 at 3–4.

Petitioner filed her Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order on July 29, 2026. *See* Dkts. 1, 2. On July 30, 2026, the Honorable Tiffany M. Cartwright granted an Ex Parte Temporary Restraining Order ("TRO") temporarily prohibiting Respondents from transferring Petitioner from this District or removing her from the United States.[1] Dkt. 2; Dkt. 4 at 2. The Order directed Petitioner to file a preliminary injunction motion if she wished to extend the TRO for the duration of the habeas litigation and directed the Parties to meet and confer on a briefing schedule for any preliminary injunction motion. *Id.* The TRO remained in place until August 13, 2026. *Id*. Petitioner did not move for a preliminary injunction, and the TRO expired. *Id.*

On August 19, 2026, Respondents filed a Notice of Intent to Remove Petitioner, Dkt. 17, indicating that "ICE is in possession of a travel document to affect [Petitioner's] removal and expects this to occur in [August] 2026." Dkt. 17-1 at 1. Pursuant to the scheduling order in this case, such a notice must be filed at least forty-eight hours prior to any action to move or transfer

[1] The parties have consented to proceed in this matter before a United States Magistrate Judge. *See* Dkt. 4.

Petitioner from the District or the United States. Dkt. 5 at 2. The notice therefore indicated that Petitioner may be removed as soon as August 21, 2026. On August 20, 2026, Petitioner filed an Emergency Motion for a Second Temporary Restraining Order ("Motion") halting her removal. *See* Dkt. 21. Respondents promptly filed a Notice of Intent to Oppose. *See* Dkt. 22.

## II. DISCUSSION

Federal courts have "the power to issue injunctive relief to prevent irreparable harm . . . and to preserve [] jurisdiction" over a matter. *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025). Pursuant to binding Ninth Circuit case law, due process requires the government to provide noncitizens with adequate notice before deportation to a country not listed in their removal order so that they may seek withholding of removal "to the country to which they will be deported." *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999)).

Petitioner's due process claim centers on her detention and Respondents' efforts to swiftly deport her to a third country, Ghana, without any pre- or post-detention process. Considering the facts set forth above, the Court finds that Petitioner raises serious questions going to the merits of her due process claim and that she has demonstrated a likelihood of success on the merits. She has also shown that she will suffer imminent, irreparable harm if she is removed to Ghana—as early as today—and indefinitely separated from her disabled U.S.-citizen spouse and four-year-old child dependent on her for care. *See* Dkt. 21 at 2–5. The balance of equities tips sharply in Petitioner's favor, and injunction preventing her removal to a third country without any process, at great cost to her U.S.-citizen family members, serves the public interest.

Accordingly, to preserve the status quo and prevent imminent harm to Petitioner before the Court can address her habeas petition, the Court **GRANTS** her request for a TRO. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (discussing the "sliding scale" approach to preliminary injunctive relief); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Respondents are **PROHIBITED** from removing Petitioner from the District or the United States pending further order by the Court. This Order will remain in place for fourteen (14) days.

Petitioner must file a preliminary injunction motion if she wishes to extend the TRO until her habeas petition is adjudicated. If Petitioner intends to file a preliminary injunction motion, she shall file a notice on the docket and propose a briefing schedule for a preliminary injunction motion by **August 28, 2026**, after meeting and conferring with Respondents. That filing shall also indicate whether the parties stipulate to an extension of the TRO while the motion is briefed.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Grady J. Leupold.

Dated this 21st day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge